**Argetim SKARA, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–0989–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 14, 2005.

---

**4.** *See* notes 2 and 3, *ante.*

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Meer M.M. Rahman, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, Terry Flynn, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Argetim Skara, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision directly where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. Ashcroft*, 232 F.3d 279, 286–88 (2d Cir. 2000).

■ In this case, substantial evidence supports the IJ's adverse credibility determination. The IJ properly gave adverse weight to the discrepancy between Skara's asylum application, which only mentioned one arrest, and his testimony, where he described four. While an applicant's failure to list in the application every detail that later emerges in his or her testimony should not prove fatal to credibility, *see Secaida–Rosales*, 331 F.3d at 308, the omissions in Skara's case concerned events that went to the heart of his asylum claim. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005). The events giving rise to his claim happened over a relatively brief period, and he had no contact with the police other than the four alleged arrests. Moreover, as the IJ noted, Skara failed to provide any individualized corroboration which, notwithstanding any discrepancies in his testimony, might have bolstered his credibility. *See Matter of Y-B–*, 21 I. & N. Dec. 1136 (BIA 1998) (the weaker an applicant's testimony, the greater the need for corroborating evidence). Finally, although Skara claimed that any prior omissions were caused by his depression, the IJ properly considered this explanation and declined to credit it because it was unsupported by any evidence.

■ The IJ also found no evidence that Skara would be persecuted for refusing to serve in the Macedonian army. The IJ based this finding on the fact that, according to Skara, after refusing to serve he was briefly detained but suffered no fur-

ther harm and was not forced to join the army. We agree with the IJ that this aspect of Skara's claim, standing alone, is insufficient to establish a well-founded fear of persecution.

Substantial evidence also supports the IJ's denial of withholding of removal and CAT relief. Having failed to establish an objectively reasonable fear of persecution, Skara necessarily failed to establish a clear probability that his life or freedom would be threatened. *Melgar de Torres v. Reno*, 191 F.3d 307, 311 (2d Cir.1999). With respect to Skara's CAT claim, nothing in the record indicates that Skara is more likely than not to be tortured. Therefore, the IJ's denials of withholding and CAT relief are affirmed.

For the foregoing reasons, the petition for review is DENIED. Skara's pending motion for a stay of removal is DENIED